UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SAMUEL FUENTES,
    Petitioner,

v.                                    C.A. No. 20-66WES

PATRICIA COYNE-FAGUE,
    Respondent.

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On February 11, 2020, Petitioner Samuel Fuentes filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, ECF No 1 ("Petition"), and a motion for court-appointed counsel. ECF No. 2. The counsel motion has been referred to me for determination.[1] 28 U.S.C. § 636(b)(1)(A). After reviewing the motion alongside the Petition, it is clear that the motion must be denied.

**I.     BACKGROUND**

In 1978, after trial by jury in the Rhode Island Superior Court, Petitioner was convicted of two counts of first-degree murder and sentenced to two consecutive life terms. He appealed, but the Rhode Island Supreme Court rejected his appeal and affirmed the conviction. State v. Fuentes, 433 A.2d 184, 192-93 (R.I. 1981).

Petitioner then filed a timely § 2254 petition (the "First Petition") with this Court in 1982. The matter was referred to a federal magistrate judge, who recommended that the writ be granted based on violations of the Fifth, Sixth and Fourteenth Amendments; but the State objected, and the District Court sustained the objections and dismissed the First Petition, which the First

---

[1] In interpreting the motion, the Court is mindful of the leniency that should be afforded to the writings of all *pro se* litigants. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Diaz v. Wall, C.A. No. 17-94 WES, 2018 WL 1224457, at *2 (D.R.I. Mar. 8, 2018).

Circuit affirmed.  Fuentes v. Moran, 572 F. Supp. 1461, 1463 (D.R.I. 1983) (Selya, J.), aff'd, 733 F.2d 176 (1st Cir. 1984).  In dismissing the First Petition, the District Court found that Petitioner duly exhausted his state remedies within the meaning of 28 U.S.C. § 2254(b), but that the First Petition's constitutional claims – attacking the Providence police officers' investigation and questioning of Petitioner – lacked merit.  Id. at 1473-75.

Since the First Petition, Petitioner has filed six § 2254 petitions in this Court, including the Petition in the case at bar.  Fuentes v. Vose, 53 F.3d 327, *1 (1st Cir. 1995) (per curiam); Fuentes v. Vose, C.A. No. 94-228T (D.R.I.); Fuentes v. Vose, No. Civ.A. 94-0228-T, 1994 WL 16014781 (D.R.I. Oct. 7, 1994); Fuentes v. Vose, C.A. No. 95-613ML (D.R.I.); Fuentes v. Wall, C.A. No. 04-408ML (D.R.I.); Fuentes v. Rhode Island, C.A. No. 18-113WES, 2018 WL 4178257 (D.R.I. July 23, 2018), adopted, 2018 WL 4146600 (D.R.I. Aug. 30, 2018).[2]  He prevailed in none.  The Court dismissed at least two as "second or successive" petitions prohibited pursuant to 28 U.S.C. § 2244(b)(3)(A) because Petitioner filed them without receiving authority to do so from the First Circuit.  Wall, 04-408, ECF No. 35 (mandate from First Circuit stating it had not authorized "second or successive" petition); Vose, 1994 WL 16014781, at *1-2.

The instant Petition asserts that Petitioner's statute of conviction, the Rhode Island murder statute, R.I. Gen. Laws § 11-23-1,[3] transgresses the due process requirement of the Fourteenth Amendment because the penalty for committing the offense is not contained in the statute criminalizing the conduct but rather is in the following section.  Petition at 13.  According to the Petition, this is a drafting error that vitiates the legal effect of the murder statute.  Before

---

[2] These cases are listed based on the date they were dismissed and in chronological order to show the progression of Petitioner's filing history.

[3] Section 11-23-1 of the Rhode Island General Laws provides in relevant part that, "[t]he unlawful killing of a human being with malice aforethought is murder."  The next section in Chapter 23 provides the penalty: § 11-23-2 states in relevant part: "Every person guilty of murder in the first degree shall be imprisoned for life."

filing in this Court, Petitioner presented his theory to the Rhode Island Superior Court and Supreme Court, both of which rejected his constitutional claim. Fuentes v. State, Case No. SU-2019-0279-MP (Order Denying Petition for Writ of Certiorari, Nov. 19, 2019); Fuentes v. State, No. PM-2018-9203, 2019 WL 2494396, at *8 (R.I. Super. Ct. June 7, 2019). Despite Petitioner's prior § 2254 petitions, he does not assert and the record does not reflect that he obtained the necessary authorization from the First Circuit before filing the case at bar. 28 U.S.C. § 2244(b)(3)(A); see also Rule 9 of the Rules Governing § 2254 cases.

As to the matter currently before the Court, Petitioner's motion to appoint counsel asserts that: (1) he is currently incarcerated at the Adult Correctional Institutions in Cranston, Rhode Island; (2) his indigency makes him unable to retain private counsel; (3) he lacks counsel and is unable to effectively present his case because he is neither trained nor knowledgeable in the law; and (4) court-appointed counsel is proper pursuant to 18 U.S.C. § 3006.

## II.     STANDARD OF REVIEW

There is no constitutional right to counsel in habeas corpus proceedings. Menard v. Wall, C.A. No. 13-659L, 2013 WL 6710933, at *1 (D.R.I. Dec. 18, 2013); see Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Federal law provides for the appointment of counsel in a § 2254 action "[w]henever the United States magistrate judge or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2). In making the discretionary determination of whether to appoint counsel, "a court must examine the total situation, focusing, *inter alia*, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." Manisy v. Maloney, 283 F. Supp. 2d 307, 317 (D. Mass. 2003) (quoting DesRosiers v. Moran, 949 F.2d 15, 24 (1st Cir. 1991)).

## III.    ANALYSIS

### A. Merits of the Case

An assessment of the merits of the Petition reveals that it is an impermissible "second or successive" attempt to bring a § 2254 suit, is untimely and lacks substance. Each of these considerations is a reason to deny the motion for court-appointed counsel.

<u>Second or Successive Petition</u>

The Court is bound by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides, without exception, that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior [federal] application <u>shall</u> be dismissed." 28 U.S.C. § 2244(b)(1) (emphasis added). A second or successive habeas corpus application is one filed after a previous application by the same petitioner has been adjudicated on the merits. <u>Dickinson v. Maine</u>, 101 F.3d 791 (1st Cir. 1996). The AEDPA provides that before a "second or successive application" for habeas corpus relief is filed in the District Court, the applicant must obtain an order from the Court of Appeals authorizing the District Court to consider such application. 28 U.S.C. § 2244(b)(3)(A). "This provision allocates subject matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over a successive or second habeas petition unless <u>and</u> until the court of appeals has decreed that it may go forward." <u>LeBlanc v. Wall</u>, C.A. No. 05-294ML, 2005 WL 2972991, at *1 (D.R.I. Oct. 19, 2005) (emphasis in original) (citing <u>Pratt v. United States</u>, 129 F.3d 54, 55-57 (1st Cir. 1997)).

A petition is not "second or successive" when the state petitioner whose first petition was dismissed for failure to exhaust state remedies brings a new petition based on exhausted claims. <u>United States v. Barrett</u>, 178 F.3d 34, 43 (1st Cir. 1999). Other decisions have created an exception for at least three categories of cases: (1) where the earlier petition was rejected for

4

failure to pay the filing fee or for mistakes in form; (2) where the earlier petition was labeled a § 2255 petition but actually was a § 2241 petition challenging the execution rather than the validity of the sentence; and (3) where the second petition challenges parts of the judgment that arose as the result of the success of an earlier petition. Id. at 43-44. "In AEDPA terms, a later petition may be second or successive, and so face restrictions under the 'modified res judicata rule' in § 2254(b), if it advances claims that could have been properly raised and decided in a previous petition." Gautier v. Wall, 620 F.3d 58, 60 (1st Cir. 2010) (internal citation omitted).

It is plain from the face of the Petition that no exception to the rule on "second or successive" petitions applies. Petitioner's First Petition was dismissed by this Court on its merits in 1983. Moran, 572 F. Supp. at 1473-75. Since that time, the Court has twice dismissed subsequent § 2254 petitions because the Moran decision precluded future § 2254 petitions without authorization from the First Circuit. Wall, 04-408, ECF Nos. 5, 35; Vose, 1994 WL 16014781, at *1-2. Also, the Petition launches a purely legal challenge to Rhode Island's murder statute, an argument that was just as available to Petitioner in his first § 2254 petition as it is now. Consistent with this proposition, most of the cases Petitioner cited to the state courts in presenting his interpretation of the murder statute were issued before his 1978 conviction. ECF No. 1-1 at 7 (citing State v. Fair Lawn Serv. Ctr., Inc., 120 A.2d 233 (N.J. 1956)); Petition at 5 (citing United States v. Evans, 333 U.S. 483 (1948)). As this Court held in Wall, 04-408, ECF No. 5, Petitioner's failure to abide by 28 U.S.C. § 2244(b)(3)(A) militates strongly against appointment of counsel.

Timeliness

Through AEDPA, Congress placed limits on the federal courts' ability to grant federal habeas petitions, one of which is a statute of limitations: "[a] 1-year period of limitation shall

apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The state court denied Petitioner's direct appeal on August 3, 1981. Fuentes, 433 A.2d at 192-93. Although the limitation period was tolled during the pendency of Petitioner's post-conviction application, see 28 U.S.C. § 2244(d)(2), Petitioner's appeal of the denial of that application was dismissed on November 14, 1991. Fuentes v. State, 598 A.2d 113 (R.I. 1991). Because Petitioner was convicted before AEDPA became law, he has an additional one-year grace period following the enactment of AEDPA. Drew v. MacEachern, 620 F.3d 16, 19 (1st Cir. 2010). The last day of the grace period was April 24, 1997. Id.

The Petition in this case was filed on February 11, 2020, long after his state post-conviction application failed and the AEDPA grace period lapsed. Accordingly, as this Court recognized in an earlier petition from Petitioner, Wall, 04-408, ECF No. 5, the untimeliness of the Petition under 28 U.S.C. § 2244(d)(1) cuts against appointing counsel.

Substance

The substantive lack of merit of the Petition's constitutional claim is another reason to deny the motion to appoint counsel. Both the Rhode Island Superior Court in the first instance and the Rhode Island Supreme Court on review thoroughly and thoughtfully addressed the claims raised in the Petition. The Supreme Court's order acknowledged that, for the state murder statute, "the prohibited conduct is set forth in one section of the chapter, and the penalty is set forth in the subsequent one." Fuentes, Case No. SU-2019-0279-MP, at 2 (Order Denying Petition for Writ of Certiorari Nov. 19, 2019). Noting that another state criminal statute (which has been repealed) was found to contain a drafting error, the court held that the murder statute "do[es] not contain any such drafting errors." Id. at 3. Concluding that the statute has "a clear

6

statutory scheme," the court rejected the "arguments that this arrangement somehow renders the statutes without legal force and effect." Id. The Supreme Court's compelling reasoning and navigation of the statutory structure undermines the viability of the Petition's grounds, and in turn, requires denial of Petitioner's motion for counsel.

### B. Complexity of Legal Issues

The second factor to be examined is similarly insufficient to justify appointment of counsel. While the motion states that the claim involves complex issues that will require significant research and investigation, in reality, Petitioner's legal theories boil down to a narrow question of law: whether the Rhode Island murder statute exhibits a flaw that invalidates it. The complexity (or lack of complexity) of this legal issue does not weigh in favor of appointing counsel. See Menard, 2013 WL 6710933, at *3.

### C. Litigant's Ability to Represent Himself

The third factor does not alter the analysis or suggest that this is a circumstance where the interests of justice require appointment of counsel. Petitioner's filings have demonstrated that he has the ability to file motions and communicate in writing in an understandable manner. Petitioner's history of litigation in this Court on a *pro se* basis reveals that he is able to litigate on his own behalf. E.g., Wall, 04-408; Fuentes, 2018 WL 4178257. The Court finds that Petitioner's ability to manage self-representation is more than adequate.

### D. Interests of Justice

After considering the totality of these circumstances, including the fact that an evidentiary hearing is not likely to be required to resolve the purely legal issue raised in the Petition, the Court is not persuaded that this is a case where the interests of justice require that counsel should be appointed. See Ellis v. United States, 313 F.3d 636, 653 (1st Cir. 2002)

7

(habeas cases where counsel should be appointed are "few and far between"); <u>United States v. Gonzalez-Vazquez</u>, 219 F.3d 37, 42 (1st Cir. 2000) (appointment of counsel in habeas cases will be "rare").

## IV.     CONCLUSION

Based on the analysis above, Petitioner's motion to appoint counsel (ECF No. 2) is denied.

So ordered.

ENTER:

/s/ Patricia A. Sullivan  
PATRICIA A. SULLIVAN  
United States Magistrate Judge  
March 23, 2020